SNEED, Circuit Judge:
 

 Appellant Gessin and Travel Associates, Inc., of which appellant was the president and major stockholder, each declared voluntary bankruptcy in 1974. Appellee Security National Bank was a creditor of both. Against Travel Associates a claim of $82,-947.17 was allowed, while against appellant there was allowed a claim of $42,129.06. The entire amount of this latter sum was part of the claim of the Bank against Travel Associates and arose because of appellant’s guarantee of this amount of the debt which Travel Associates owed to the Bank. A claim against appellant in the amount of $19,871.64 was held nondischargeable.
 

 The Bank received in dividends from the estates of the two bankrupts slightly in excess of $35,000.00, of which $32,775.00 came from the estate of Travel Associates. Appellant sought to have the judgment of nondischargeability credited with the sum of $8,443.92 which, according to appellant’s theory, represents that portion of the total dividend received by the Bank properly allo-cable to the total amount of the nondis-chargeable debt. Appellant’s theory of allocation was based on the reasoning that, inasmuch as the amount of the nondis-chargeable debt ($19,871.54) was 23.95 percent of the total corporate claim ($82,-947.17), that percentage of the dividend should be applied to the reduction of the amount of the nondischargeable debt. ($35,-182.96 X 23.95% = $8,443.92).
 

 The bankruptcy judge allowed the credit but, as was possible under the old Bankruptcy Act, this was reversed by the district court. Appellant seeks to have the credit restored. We decline to do so, however, and affirm the district court.
 

 I. PROCEDURAL ISSUES
 

 Before reaching the merits of appellant’s contentions, it is necessary to confront two procedural issues which the Bank argues bars any consideration of the merits.
 

 The first of these is that appellant’s motion to credit the judgment of nondis-chargeability was in reality a motion for correction of judgment, which was not filed in accordance with Fed.R.Civ.P. 60(a) or (b). We reject the “correction of judgment” characterization; appellant sought to obtain recognition of partial satisfaction. “Satisfaction” is not “correction.” Therefore, neither Rule 60(a) nor (b) precludes a consideration of the merits of this appeal.
 

 
 *1107
 
 Second, the Bank argues that appellant is barred by res judicata or collateral estoppel from seeking partial satisfaction. The Bank’s position rests on the denial by the bankruptcy judge on February 14,1978, of appellant’s “motion to reopen trial.” This reads more into the denial than we believe is justified. No reasons were offered for this denial and the bankruptcy judge, by subsequently allowing the credit, obviously did not believe he had previously foreclosed consideration of the issue. While this is not controlling, both the uncertainty of the grounds for the “motion to reopen” and the absence of any explanation of the denial preclude the application of either res judicata or collateral estoppel.
 

 II. THE MERITS
 

 We now turn to the merits. Appellant’s nondischargeable debt is distinct from the debt of Travel Associates notwithstanding the fact that it has its source in appellant’s guarantee of the debt of Travel Associates. It has long been established that a creditor is entitled to pursue his claims against others liable on the same debt to the full extent of the amount owed on that debt.
 
 See Board of Comm’rs v. Hurley,
 
 169 F. 92 (8th Cir. 1909). This means that appellant’s nondischargeable judgment cannot be reduced unless and until the debt of Travel Associates is reduced to the amount of $19,871.64. Any amount recovered from Travel Associates thereafter would reduce appellant’s nondischargeable debt pro tanto.
 

 However, the debt of Travel Associates has not been reduced to this point nor does the record of this case suggest that it is likely to be. Therefore, appellant’s nondis-chargeable debt must be preserved undiminished to afford to the creditors of Travel Associates the opportunity to enhance the extent of their recovery. In brief, appellant, owing to the nondischargeability of the claim in question, must be treated as one who has guaranteed a specific amount of a larger debt owed by the bankrupt. The recovery by the creditor from the bankrupt’s estate of an amount that does not diminish the debt below the amount of the guarantee does not impair the creditor’s right to recover from the surety the entire amount of his guarantee.
 

 Appellant, in effect, seeks to have his guarantee treated as one that secures a fractional part of the total corporate debt. Were it such a guarantee the result would be different. Every dollar realized with respect to the debt would reduce proportionately the potential liability of the surety.
 
 See Bank of America Nat. Savings & Trust Ass’n v. Pauley,
 
 119 Cal.App.2d 355, 259 P.2d 714 (1953). That, however, is not the nature of appellant’s liability.
 

 AFFIRMED.